O









                    **UNITED STATES DISTRICT COURT**

                    **CENTRAL DISTRICT OF CALIFORNIA**


| | |
|---|---|
| NORMA MOLINA, an individual, | CV 18-03181-RSWL-FFM |
| Plaintiff, | **Order re: Motion to Remand Case to Los Angeles Superior Court** [17] |
| v. | |
| TARGET CORPORATION, a Minnesota corporation; and DOES, 1 through 20, inclusive, | |
| Defendants. | |

Plaintiff Norma Molina ("Plaintiff") brings this Action against Defendant Target Corporation ("Defendant") for alleged violations of the California Fair Employment and Housing Act ("FEHA"). Currently before the Court is Plaintiff's Motion for Order Remanding Action to State Court ("Motion") [17].

Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Plaintiff's Motion.

## I. BACKGROUND

### A. Factual Background

Plaintiff resides in California. Compl. ¶ 2, ECF No. 1-2. Defendant, a Minnesota corporation, owns and operates a retail business with various offices and stores located throughout California. Id. ¶¶ 3-4.

Defendant hired Plaintiff to work as a maintenance worker in May 2013. Id. ¶ 16. On March 22, 2015, Plaintiff suffered a work-related injury while mopping. Id. ¶ 18. While bending over to press a level, she felt a sharp pain in her lower back. Id. Plaintiff immediately notified her supervisor of this disability and was sent to a nurse who suggested that Plaintiff should go to an emergency room. Id. ¶ 19. Plaintiff visited the company doctor and returned to work with restrictions not to lift more than twenty pounds. Id. ¶ 20. For the next year, Plaintiff complained to her supervisors that she was still in pain, but requests to see another doctor were ignored. Id.

Thereafter, a new doctor informed Plaintiff that she had a misaligned disk and further restricted her working duties. Id. ¶ 21. Instead of accommodating Plaintiff's restrictions, Defendant assigned her to another role which required Plaintiff to violate those restrictions. Id. ¶ 22. On October 10, 2016,

Plaintiff checked her work schedule and saw that she was not scheduled to work that week and, in fact, her hours had been drastically reduced. Id. ¶ 23. On the day before her scheduled shift that week, Plaintiff called off work due to back pain and was shortly notified that "she had been terminated because she had called off work too many times." Id. ¶ 24. Defendant terminated Plaintiff on November 15, 2016. Id.

**B.  Procedural Background**

On March 7, 2018, Plaintiff filed her Complaint [1-2] against Defendant in Los Angeles Superior Court. Plaintiff claims that Defendant is liable for discrimination, retaliation, failure to prevent discrimination and retaliation, failure to provide reasonable accommodations, and failure to engage in a good faith interactive process in violation of FEHA. She also claims that Defendant wrongfully terminated her in violation of public policy, she is entitled to declaratory judgment, and Defendant failed to permit inspection of personnel and payroll records in violation of California Labor Code section 1198.5.

Defendant removed the Action [1] to this Court on April 16, 2018 on the basis of diversity jurisdiction. On June 7, 2018, Plaintiff filed the instant Motion [17], arguing that the amount in controversy does not satisfy the jurisdictional minimum. Defendant timely opposed [22], and Plaintiff timely replied [24].

///

## II. DISCUSSION

**A. Legal Standard**

Civil actions may be removed from state court if the federal court has original jurisdiction. See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, . . . original subject-matter jurisdiction [must] lie[] in the federal courts."). Diversity jurisdiction exists in all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. There must be complete diversity of citizenship, meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted). Courts resolve all ambiguities "in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th

Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

**B. <u>Analysis</u>**

    1. <u>Judicial Notice</u>

Defendant requests that the Court take judicial notice of ten documents. See Req. for Judicial Notice ("RJN") 2:1-4, ECF No. 23. Exhibit One is an administrative complaint of employment discrimination before the California Department of Fair Employment and Housing against Defendant. See id., Ex. 1, ECF No. 23-1. Exhibits Two through Ten are court documents, including complaints, verdicts, and declarations from both state and federal courts. See id., Exs. 2-10, ECF. Nos. 23:1-2.

Courts may take judicial notice of a record from an administrative body. See, e.g., Kottle v. Northwest Kidney Ctrs., 146 F.3d 1056, 1064 n.7 (9th Cir. 1998) (taking judicial notice of public records from the Department of Health); Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994) (taking judicial notice of public records from the Department of Labor). Moreover, courts "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation

omitted).  Accordingly, Defendant's Request for Judicial Notice is **GRANTED** in its entirety.

    2.   Subject Matter Jurisdiction

Plaintiff contends that this Court lacks subject matter jurisdiction over this Action. Specifically, the parties dispute whether Plaintiff's claims exceed $75,000 to qualify for diversity jurisdiction.

Where, as here, a complaint does not demand a specific sum, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2)(A); see Kroske v. US Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005) (stating that where "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000" (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997))). The "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). Where the plaintiff contests the amount alleged in the notice of removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 551 (citing 28

U.S.C. § 1446(c)(2)(B)).

    a. *Economic Damages*

Plaintiff seeks compensatory damages for past and future lost wages, bonuses, commissions, retirement benefits, loss or diminution of earning capacity, and other employment benefits. Compl. ¶¶ 32-33. With respect to this Motion, both parties focus on wages exclusively.

Since Plaintiff's hourly rate upon termination of employment was $10.50, see Suppl. Decl. of Therese-Marie Vu ("Vu Decl.") ¶ 2 (reviewing payroll records), ECF No. 22-1, her lost wages between termination and removal of this Action are approximately $31,080 ($10.50 per hour for forty hours per week for seventy-four weeks).[1] Because Plaintiff "claims at the time of removal that her termination caused her to lose future wages, . . . then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 417 (9th Cir. 2018). As such, the Court must also consider

---

[1] According to Defendant, the amount in controversy additionally should include damages after Defendant reduced Plaintiff's work schedule by 40% following her injury. See Def.'s Opp'n to Pl.'s Mot. to Remand 7:17-21, 8:3-6, ECF No. 22. In the record before the Court, however, the only alleged reduction in hours was on October 10, 2016 (well after Plaintiff's injury and shortly before she was fired) when Defendant scheduled Plaintiff to work only three hours that week. Compl. ¶ 23; see RJN, Ex. 1 at 9-10 (apparently misstating the date as October 10, 2015 but clarifying that Plaintiff's "last pay check was ready for pick up" the following week).

damages from the date of removal until trial in April 2019.[2]

Plaintiff argues that she likely will find gainful employment before trial, obviating the need to speculate future lost wages. Such mitigation, however, is inapplicable to the amount-in-controversy calculation. See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction."); see, e.g., Garcia v. ACE Cash Express, Inc., No. SACV 14-0285-DOC (RNBx), 2014 WL 2468344, at *3 (C.D. Cal. May 30, 2014) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938)) (rejecting, for the amount-in-controversy calculation, new jobs procured following termination). Thus, from removal until trial, Plaintiff could have lost wages of about $21,000 ($10.50 per hour for forty hours per week for fifty weeks). Adding the foregoing damages together, the Court finds that Plaintiff's lost wages could amount to $52,080.

      b. *General Damages*

Plaintiff seeks "general damages for emotional and

---

[2] The parties proposed setting trial for April 2019. Joint Rule 26(f) Report 8:5-6, ECF No. 16.

mental distress." Compl. ¶ 34.  Further, Plaintiff alleges that she "has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, . . . medical expenses, [and] expenses for psychological counseling and treatment." Id. ¶ 32.  Potential emotional distress damages must be considered when estimating the amount in controversy. See Kroske, 432 F.3d at 980 (finding that the district court appropriately considered emotional distress damages in the amount-in-controversy calculation for removal purposes).  Courts have allowed defendants to introduce evidence of jury verdicts to show emotional distress damages. See Cain v. Hartford Life & Accident Ins., 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) ("To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." (citation omitted)); see, e.g., Rivera v. Costco Wholesale Corp., No. C 08-02202 CW, 2008 U.S. Dist. LEXIS 58610, at *9-11 (N.D. Cal. July 11, 2008) (using jury verdicts to establish that emotional distress damages in employment discrimination cases may be substantial).

Defendant submitted complaints and jury verdicts from analogous cases to show that the alleged emotional distress damages are substantial. See RJN, Exs. 2-7. Specifically, Defendant relied upon: Wiley v. Trendwest Resorts, Inc.; Hernandez v. Regents of the University

9

of California; and <u>Johnson v. BCI Coca-Cola of Los Angeles</u>. Each case is analogous to this Action, referencing FEHA violations, wrongful termination, and discrimination on the basis of disability leading to emotional distress damages of $75,000, $90,000, and $135,000, respectively. In <u>Hernandez</u>, for instance, the plaintiff's disabilities, similar to Plaintiff's here, impacted her working abilities and restricted her from participating in everyday activities. <u>See</u> <u>id.</u>, Ex. 4. Her employer would not accommodate her disabilities and eventually terminated her, leading to $90,000 in emotional distress damages. <u>See</u> <u>id.</u>, Exs. 4-5. These cases are fairly similar, but even taking the lowest recovery from Defendant's cited cases, Plaintiff potentially could recover $75,000 for emotional distress.

        c. *Punitive Damages*

Plaintiff also seeks punitive damages, which are part of the amount in controversy. <u>Gibson v. Chrysler Corp.</u>, 261 F.3d 927, 945 (9th Cir. 2001). With respect to the judicially-noticed verdict from <u>Wiley</u>, the jury awarded $250,000 in punitive damages to one plaintiff who was subjected to gender discrimination. RJN, Ex. 3. Even assuming "the facts of the instant action are far less egregious, [D]efendant has met its burden of showing by a preponderance of the evidence that the amount in controversy should include a punitive damages award." <u>Simmons v. PCR Tech.</u>, 209 F. Supp. 2d 1029,

1033 (N.D. Cal. 2002). Applying a conservative 1:1 ratio of Plaintiff's compensatory damages with punitive damages, Plaintiff has placed $127,080 in punitive damages in controversy.

        d.   *Attorneys' Fees*

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1156 (9th Cir. 1998). In this Action, FEHA gives the Court discretion to "award to the prevailing party . . . reasonable attorney's fees and costs." Cal. Gov't Code § 12965(b). Further, in <u>Chavez</u>, 888 F.3d at 417, the Ninth Circuit seems to suggest that potential damages, such as post-removal attorneys' fees, should be used in the total calculation because their futurity does not preclude them from the total calculation. See <u>Bernstein v. BMW of N. Am.</u>, No. 18-cv-01801-JSC, 2018 U.S. Dist. LEXIS 81993, at *5 n.3 (N.D. Cal. May 15, 2018); <u>Lucas v. Michael Kors (USA) Inc.</u>, No. CV 18-1608-MWF (MRWx), 2018 U.S. Dist. LEXIS 78510, at *32 (C.D. Cal. May 9, 2018) (citation omitted).

Here, Defendant provided the complaint in <u>Bolanos v. Priority Business Services</u>, which is subject to judicial notice. <u>Bolanos</u> is factually similar to this case with almost the same alleged causes of action

(i.e., discrimination, retaliation, failure to prevent discrimination and retaliation, failure to engage in a good faith interactive process, declaratory judgment, and wrongful termination). See RJN, Ex. 8. Moreover, the plaintiff in <u>Bolanos</u> was represented by the same law firm and partner as in this Action. The <u>Bolanos</u> court affirmed a fee award of $231,470.50, and the plaintiff's firm worked 383.9 hours on that case. See <u>Bolanos v. Priority Bus. Servs.</u>, No. B280139, 2018 WL 1224655, at *6, *14 (Cal. Ct. App. Mar. 9, 2018). The partner and associate for Plaintiff in this Action have recently filed declarations in other courts stating that their standard hourly rates are $750 and $450, respectively. See RJN, Exs. 9-10. Even from the associate's rate at $450 per hour for 200 hours (compared to the 383.9 hours in <u>Bolanos</u>), for example, Plaintiff would have $90,000 in attorneys' fees.

        e. *Offers to Settle or Stipulate*

Before filing this Motion, Plaintiff offered to settle the matter for $50,000. On the other hand, Defendant sought to stipulate that Plaintiff would not seek more than $75,000 in this Action. Although settlement demands and refusals to stipulate can be relevant to the amount in controversy, see <u>Cohn v. Petsmart, Inc.</u>, 281 F.3d 837, 840 (9th Cir. 2002); <u>Yaralian v. Home Depot U.S.A.</u>, No. CV 15-06930 DDP (GJSx), 2015 U.S. Dist. LEXIS 165127, at *5 (C.D. Cal.

Dec. 9, 2015), the Court finds that Plaintiff's settlement demand of $50,000 is counterbalanced by her refusal not to stipulate to recover less than $75,000.

In sum, Plaintiff could recover at least $52,080 for lost wages, $75,000 for emotional distress, $127,080 in punitive damages, and $90,000 in attorneys' fees.[3] As such, Defendant has met its burden in proving by a preponderance of the evidence that this Action has more than $75,000 at stake. Given that the Court has diversity jurisdiction, remand would be improper.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

DATED: August 14, 2018          s/ RONALD S.W.LEW

                                                **HONORABLE RONALD S.W. LEW**
                                                Senior U.S. District Judge

---

[3] These amounts are conservative and do not include recovery for other economic damages (e.g., employment benefits) or pain and suffering, which would likely raise the amount in controversy.